IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   )        No.  07-10079-01-WEB
                                     )
WILBUR D. HILST,                     )
                                     )
            Defendant.               )
                                     )


**<u>Memorandum and Order</u>**

This matter came before the court on the defendant's objections to the Presentence

Report and his Motion for Downward Departure.  The court ruled orally on these matters at the

sentencing hearing of May 1, 2008.  This written memorandum will supplement the court's oral

rulings.

I.  *Objections*.

The defendant filed seven objections to the Presentence Report (PSR).

*Objection No. 1* – Defendant objects to the 2-level increase in ¶38 of the PSR for

distribution of a controlled substance through mass-marketing by means of an interactive

computer service.  USSG §2D1.1(b)(6).  Defendant argues that although principals from Integra

Rx and Safe Trust Processing may have engaged in such conduct, he personally did not do so

and the enhancement should not be applied to him.

The enhancement is applicable to the defendant if he "or a person for whose conduct the

defendant is accountable under § 1B1.3" engaged in such conduct.  In the case of jointly

undertaken criminal activity, a defendant is responsible under the guidelines for "all reasonable

foreseeable acts ... of others in furtherance of the jointly undertaken criminal activity." USSG

§1B1.3(a)(1)(B). The defendant joined in this activity with Safe Trust Processing and Integra

Rx, and the solicitation through mass marketing over the internet by these two companies was a

foreseeable act in furtherance of the jointly undertaken activity. The 2-level enhancement

therefore applies to the defendant. *See* USSG §2D1.1, comment., n. 23.

Objection No. 2 – Defendant objects to ¶41, which applies a 2-level increase for being a

leader, organizer, manager or supervisor of the criminal activity. Defendant argues he was a

minimal participant in a scheme developed by others. He argues the 2-level increase should not

be applied and that he should receive a 4-level decrease for being a minimal participant.

To qualify for an enhancement under § 3B1.1, the defendant must have been the

organizer, leader, manager, or supervisor of one or more other participants." *Id*., cmt. 2. The

enhancement applies only when the defendant had "decision-making authority or control over a

subordinate." *United States v. Roberts*, 14 F.3d 502, 524 (10th Cir.1993). While it is true, as

defendant points out, that he was not a leader of Safe Trust Processing or Integra Rx, or of other

"internet pharmacies" engaging in similar conduct, he was instrumental in recruiting several

other individuals to engage in the offense at Red Mesa Pharmacy, and he was clearly the

organizer, leader, and supervisor of those individuals and the Red Mesa operation. He was also

the primary beneficiary of the funds generated at Red Mesa. Given the defendant's leadership

role and his significant involvement, the court concludes that the 2-level enhancement under §

3B1.1(c) is appropriate, and that no reduction is warranted for a mitigating role. *See* § 3B1.2

(mitigating role adjustments apply only for a defendant who plays a part in committing the

offense that makes him substantially less culpable than the average participant).

*Objection No. 3* –  Defendant objects to ¶31 because it refers to $703,611 in payments received by the defendant or by Red Mesa.  Defendant objects because he says this figure includes sales of legitimate non-controlled substances.

 The court finds the figure in ¶31 merely sets forth the total payments received by the defendant. It will not be taken into account and does not affect the sentencing in any way.  The objection is therefore denied.

*Objection No. 4* – Defendant objects to ¶34, which says that the correct number of Schedule III pills includes 16,930 dosage units that were initially mislabeled by the Government as Schedule IV substances.  Paragraph 34 states that the actual amount involved in the offense, as found by the DEA, was a total of 30,372 Schedule III units and 434,583 Schedule IV units.

Based on the confirmation of the DEA Agent, as set forth by the Probation Officer in his response, the court finds that the figure in ¶34 of the Report is correct, as is the offense level.

*Objection No. 5* – Defendant objects to paragraphs 19, 37, 43, 46 and 48, and challenges the PSR's method of calculating "units" of controlled substances and basing the offense level on the total units.  Defendant argues the offense level should be calculated using the actual weights of the controlled substances rather than the total number of pills involved.

The court concludes that the PSR accurately and reasonably determined the offense level by using the dosage units of the substances involved.  Under § 2D1.1, n. (F), in the case of Schedule III and IV substances such as these, one "unit" means one pill, capsule or tablet.  The PSR appropriately applied this provision, as well as the drug equivalency table for units of Schedule III and IV substances (and the marijuana "caps" included therein) in arriving at the base offense level in ¶37.  The method used by the Probation Office not only conforms to the

intent of the Sentencing Commission under the guidelines, but it is the only practical and reasonable method of determining the offense level under the facts presented.  The objection is therefore denied.

*Objection No. 6* – Defendant objects to the prior convictions in paragraphs 59, 60, and 63, because he says "Dr. Hilst does not recall having attorney representation on some of the criminal history cases."

Once the government establishes the existence of a prior conviction, it becomes the defendant's burden to prove by a preponderance of the evidence that the conviction was unconstitutional.  In doing so, "a defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution."  *United States v. Bush*, 405 F.3d 909, 921 (10th Cir. 2005).  The records cited by the Probation Office indicate that the defendant was either provided counsel on these prior convictions or he waived the right to counsel, and the defendant has provided no evidence to the contrary.  Accordingly, the objection is denied.

*Objection No. 7* – Defendant's final objection is to paragraphs 84 and 85, which include statements that the defendant was diagnosed in 1976 and 1977 with Schizoid Personality.  The objection says "there is some question" about this diagnosis.

The court will deny this objection as moot, because the statement set forth in these paragraphs will have no effect on the guideline range or the sentence imposed.

II.  *Motion for Departure or Lower Sentence*.

The defendant's motion sets forth a number of arguments why he contends a sentence of probation would be appropriate in this case, including the following: he argues that he sought

and relied on the advice of counsel in operating Red Mesa; that he served various communities

in 50 years of medical practice; that he overcame an alcohol problem and sponsored many other

people to do the same; that he helps care for his wife, who has cancer, and that they are

dependent on each other for care; that his health is deteriorating and he needs constant medical

attention; that he has numerous letters of support; that his criminal history over-states the

seriousness of his past offenses because he has had only "minor brushes" with the law; that the

Government does not oppose the motion for probation; that he plans to seek employment while

on probation if allowed to do so; and because he has been working to establish a new Drug and

Alcohol Treatment Center in Oklahoma.  Defendant argues that because of his health condition,

"any sentence of imprisonment is likely a death sentence."  Defendant made further arguments in

support of the motion at the sentencing hearing, including a lengthy statement by the defendant

about the work he has done throughout his professional career.

Under Section 3553, the court is required to impose a sentence sufficient, but not greater

than necessary, to comply with the following purposes: -the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect

the public from further crimes of the defendant; and (D) to provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in the most

effective manner.  In doing so, the court must consider the following factors:  (1) the nature and

circumstances of the offense and the history and characteristics of the defendant; (2) the

purposes of sentencing set forth above;  (3) the kinds of sentences available; (4) the kinds of

sentence and the sentencing range for the offense under the sentencing guidelines; (5) policy

statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence

disparities among defendants with similar records who have been found guilty of similar

conduct; and

(7) the need to provide restitution to any victims of the offense.

Based on the factors in Section 3553, the court finds that a sentence of imprisonment at

the low end of the guideline range – 33 months – is appropriate in this case.  This sentence will

reflect the seriousness of the offense, which involved the inappropriate distribution of controlled

substances on a wide scale.  The court notes that the defendant's conduct created a situation ripe

for abuse by people with drug problems, which undercuts any argument that his asserted history

of helping people overcome alcohol and drug problems in the past warrants a sentence below the

guideline range.  The court also rejects any suggestion that the defendant did not realize his

conduct was wrong  – such as his asserted reliance upon the advice of counsel that the Red Mesa

operation was lawful.  The defendant has not shown that he made a full disclosure of the facts to

his attorney in connection with any such opinion.  The defendant also recruited others to

participate in this scheme.  His history indicates a capacity for deception or abusing other

people's confidence.  *See e.g.,* PSR ¶¶59, 60, 94.  The court recognizes that the defendant

apparently has significant health issues, but the Bureau of Prisons will be able to provide him

with adequate health care.  A sentence of 33 months will also provide adequate deterrence to

prevent others from attempting similar crimes and will avoid unwarranted disparities between

individuals who commit similar crimes.   After considering all of the circumstances, the court

concludes that a sentence at the low end of the guideline range is appropriate.

III.  *Conclusion*.

The defendant's objections to the Presentence Report and his Motion for Departure or

Sentence of Probation (Doc. 93) are DENIED. The Probation Officer in charge of this case shall

see that a copy of this order is appended to any copy of the Presentence Report made available to

the Bureau of Prisons.   IT IS SO ORDERED this  2nd  Day of May, 2008, at Wichita, Ks.


                                        s/Wesley E. Brown
                                        Wesley E. Brown
                                        U.S. Senior District Judge